SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
P. CRAIG CARDON, Cal. Bar No. 168646
DAVID R. GARCIA, Cal. Bar No. 151349
ELIZABETH S. BERMAN, Cal. Bar No. 252377
BRIAN R. BLACKMAN, Cal. Bar No. 196996
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone:  415-434-9100
Facsimile:  415-434-3947
ccardon@sheppardmullin.com
drgarcia@sheppardmullin.com
eberman@sheppardmullin.com
bblackman@sheppardmullin.com

Attorneys for Defendant
EUROMARKET DESIGNS, INC.
d/b/a CRATE & BARREL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| NANCY DARDARIAN, individually and on behalf of all others similarly situated, Plaintiffs, v. EUROMARKET DESIGNS, INC. d/b/a CRATE & BARREL, an Illinois corporation, Defendant. | Case No. 3:11-cv-00945-JSW **CLASS ACTION** **STIPULATION AND [Proposed] ORDER STAYING PROCEEDINGS PENDING DECISION ON DEFENDANT'S MOTION TO TRANSFER CASES PURSUANT TO 28 U.S.C. § 1407 FOR COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS** Complaint Filed:  March 1, 2011 |
|---|---|

1      WHEREAS, on March 1, 2011, Plaintiff Nancy Dardarian ("Plaintiff") filed
2 her Complaint against Defendant Euromarket Designs, Inc. d/b/a Crate & Barrel ("Crate &
3 Barrel") in the above-captioned case, *Dardarian v. Crate & Barrel*, Case No. 3:11-cv-
4 00945-JSW (N.D. Cal.) ("*Dardarian*");

6      WHEREAS, the following five related cases have also been filed against
7 Crate & Barrel:

9      1.   *O'Connor v. Crate & Barrel*, Case No. 3:11-cv-02140-SC (N.D. Cal.)
10          ("*O'Connor*")

12     2.   *Campbell v. Crate & Barrel*, Case No. 3:11-cv-01368-JSW (N.D. Cal.)
13          ("*Campbell*")

15     3.   *Salmonson v. Crate & Barrel*, Case No. 2:11-cv-02446-PSG -PLA (C.D.
16          Cal.) ("*Salmonson*")

18     4.   *Heon v. Crate & Barrel*, Case No. 3:11-cv-00769-JLS -BGS (S.D. Cal.)
19          ("*Heon*")

21     5.   *Shughrou v. Crate & Barrel*, Case No. 4:11-cv-02325-LB (N.D. Cal.)
22          ("*Shughrou*");

24     WHEREAS, plaintiffs in all six of these actions purport to represent a class
25 of California consumers and allege that Crate & Barrel unlawfully requested and recorded
26 personal identification information from customers who purchased goods using credit
27 cards at Crate & Barrel's retail establishments;

1    WHEREAS, plaintiffs in all six actions allege that this practice violates
2 California Civil Code § 1747.08 (the "Song-Beverly Credit Card Act" or "Act");

4    WHEREAS, all six actions will require a court to resolve nearly identical
5 factual issues relating to a single common defendant, Crate & Barrel;

7    WHEREAS, the parties agree that centralization of all six actions for
8 coordinated or consolidated pretrial proceedings is proper under 28 U.S.C. § 1407, because
9 they share common factual questions, and also because centralization would be convenient
10 and would promote the just and efficient conduct of pretrial proceedings;

12    WHEREAS, on May 11, 2011, before the United States Judicial Panel on
13 Multidistrict Litigation ("JPML"), Crate & Barrel filed a Motion to Transfer *Heon,*
14 *Dardarian, O'Connor, Campbell* and *Salmonson* for coordinated or consolidated pretrial
15 proceedings pursuant to 28 U.S.C. § 1407;

17    WHEREAS, on May 31, 2011, Crate & Barrel filed a Notice of Tag-Along
18 Action before the JPML seeking to centralize *Shughrou* together with the actions already
19 encompassed by its Motion to Transfer;

21    WHEREAS, all six actions are likely to be centralized because they share
22 common factual questions, and also because centralization would be convenient and would
23 promote the just and efficient conduct of pretrial proceedings. *See, e.g., In re Payless*
24 *Shoesource, Inc., California Song-Beverly Credit Card Act Litig.*, 609 F. Supp. 2d 1372
25 (J.P.M.L. 2009) (centralizing two putative class actions alleging identical violations of the
26 Song-Beverly Credit Card Act).

1     WHEREAS, conducting pretrial proceedings while Crate & Barrel's Motion
2 to Transfer is pending would impose an undue burden on the parties and the Court if the
3 JPML ultimately grants Crate & Barrel's Motion to Transfer, because any pretrial
4 proceedings conducted now would likely be wasted or need to be repeated;

6     WHEREAS, neither party will suffer any prejudice, hardship or inequity if
7 these proceedings are stayed pending the JPML's decision on Crate & Barrel's Motion to
8 Transfer;

10    WHEREAS, the Court has the inherent power to stay all proceedings
11 pending the JPML's decision on Crate & Barrel's Motion to Transfer;

13    WHEREAS, staying all proceedings pending the JPML's decision on Crate
14 & Barrel's Motion to Transfer would serve the interests of judicial economy and
15 efficiency, for all the reasons discussed above;

17    WHEREAS, courts routinely stay all proceedings pending the JPML's
18 determination of a motion to transfer based on the likelihood of transfer, the absence of
19 prejudice, and the interests of judicial economy and efficiency. *See, e.g., Clark v. Payless*
20 *Shoesource, Inc.*, Case No. 08-CV-08213 (C.D. Cal. Order filed Dec. 29, 2008) (entering
21 stipulated order staying all proceedings in a putative class action alleging violations of the
22 Song-Beverly Credit Card Act); *Oregon ex rel. Kroger v. Johnson & Johnson*, Case No.
23 11-CV-86-AC, 2001 U.S. Dist. LEXIS 39187 (D. Or., Apr. 8, 2011) (granting motion to
24 stay pending JPML decision on motion to transfer); *Barnes v. Equinox Group, Inc.*, Case
25 No. C 10-03586, 2010 U.S. Dist. LEXIS 138863 (N.D. Cal., Dec. 30, 2010) (same);
26 *Cottle-Banks v. Cox Communications, Inc.*, Case No. 10-cv-2133, 2010 U.S. Dist. LEXIS
27 138195 (S.D. Cal., Dec. 30, 2010) (same); *Gordillo v. Bank of Am.*, Case No. 1:09-cv-
28 01954, 2010 U.S. Dist. LEXIS 7954 (E.D. Cal., Jan. 13, 2010) (same); *Sanborn v.*

*Asbestos Corp., Ltd.*, Case No. C 08-5260, 2009 U.S. Dist. LEXIS 7528 (N.D. Cal., Jan. 27, 2009) (same); *Lyman v. Asbestos Defendants (B\*P)*, Case No. C 07-4240, 2007 U.S. Dist. LEXIS 78766 (N.D. Cal., Oct. 10, 2007) (same); *Nielsen v. Merck and Co.*, Case No. C 07-00076, 2007 U.S. Dist. LEXIS 21250 (N.D. Cal., Mar. 15, 2007) (same); *Collum v. Astrazenca Pharm., L.P.*, Case No. C 06-0662, 2006 U.S. Dist. LEXIS 64861 (N.D. Cal., Aug. 29, 2006) (same); *Rivers v. The Walt Disney Co.*, 980 F. Supp. 1358, 1362 (C.D. Cal. 1997) (granting motion to stay pending JPML decision on motion to transfer, holding: "[I]t appears that a majority of courts have concluded that it is often appropriate to stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the MDL Panel because of the judicial resources that are conserved.");

NOW THEREFORE, it is stipulated by the undersigned counsel on behalf of the parties below, and subject to the Court's approval, that:

All proceedings in this action are stayed pending the JPML's decision on Crate & Barrel's Motion to Transfer Cases for Consolidated or Coordinated Pretrial Proceedings (MDL No. 2260).

**IT IS SO STIPULATED.**

Dated: June 1, 2011

                                        HOFFMAN & LAZEAR

                                        By        *s/ Chad A. Saunders*
                                                      H. TIM HOFFMAN
                                                      ARTHUR W. LAZEAR
                                                        CHAD A. SAUNDERS

                                                     Attorneys for Plaintiff
                                                    NANCY DARDARIAN

1 | Dated: June 1, 2011

2 | SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

4 | By     *s/ Elizabeth S. Berman*
5 | P. CRAIG CARDON
   DAVID R. GARCIA
6 | BRIAN R. BLACKMAN
   ELIZABETH S. BERMAN

8 | Attorneys for Defendant
   EUROMARKET DESIGNS, INC.
9 | d/b/a CRATE & BARREL

13 | **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

14 | Dated: __June 2__, 20_11_     _____
15 |
16 | Jeffrey S. White
   United States District Judge
17 | Northern District of California